IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HOSEA M. WILLIAMS,

        Plaintiff,

v.                                                     Civil Action No. 3:24cv25

PETER J. BARRETT, *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court *sua sponte*. The Court has reviewed *pro se* Plaintiff Hosea M. Williams's Second Amended Complaint. (ECF No. 6.) The Second Amended Complaint offends Federal Rule of Civil Procedure 8 (which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief) and the Court's January 23, 2024 Order, (ECF No. 5), directives regarding the Amended Complaint.

The Court ordered that Mr. Williams file a Second Amended Complaint because his Amended Complaint, (ECF No. 1-2), did not "outline[] in simple and straightforward terms why Mr. Williams thinks he is entitled to relief and why the Court has jurisdiction over his case." (ECF No. 5, at 1.)

The Court ordered that the Second Amended Complaint comply with the following directions:

1.     At the very top of the amended pleading, Mr. Williams must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:24cv025."

2.     The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Mr. Williams must set forth legibly, in separately numbered paragraphs, a short statement of

the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Mr. Williams must clearly identify each federal or state law allegedly violated. Under each section, Mr. Williams must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Mr. Williams shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Mr. Williams may not reference statements in the prior complaints.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice,* No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 5, at 1–2.)

The Court finds that Mr. Williams's Second Amended Complaint, (ECF No. 6), does not comply with the clear instructions set forth in the Court's January 23, 2024 Order, (ECF No. 5). Mr. Williams does not include "a list of the defendant(s)" in the first paragraph of his Second Amended Complaint, nor does he "set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief." (*See* ECF No. 5, at 2.) Indeed, Mr. Williams proffers no facts at all in the Second Amended Complaint. (*See generally* ECF No. 6.) While Mr. Williams does provide a list of the laws allegedly violated, (*see* ECF No. 6, at 1–2), he does not "explain why he believes each defendant is liable to him" or "reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion." (*See* ECF No. 5, at 2.) Again, Mr. Williams submits a complaint that is difficult to decipher. (*See* ECF No. 6.) Further, although Mr. Williams "[r]equest[s] [c]ompensation," (*see* ECF No. 6, at 2), such a generic assertion with no amount fails to suffice as a "prayer for relief," (*see* ECF No. 5, at 2).

2

Pursuant to Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

Accordingly, Mr. Williams's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

It is SO ORDERED.

Date: 03/19/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge